MILLER, Judge.
Plaintiff Dr. John A. Worley appeals the trial court’s factual determination that the accident occurred when he entered a blind intersection protected by a red light. We affirm.
The accident occurred about mid-morning at the intersection of the one way streets of Sixth and Madison in Alexandria. Traffic is controlled by a semaphore signal light. Defendant David B. Williamson was driving defendant Continental Southern Lines, Inc.’s bus northwesterly (toward Bayou Rapides) on Sixth Street, and Worley was driving his Lincoln northeasterly on Madison Street (toward Red River). Weather was not a factor. The bus was in the right lane and although the testimony is not uniform, it preponderates that the Lincoln approached the intersection in the right lane.
Williamson was certain that the light was green for Madison Street traffic. A building to the south of the intersection prevented both drivers from seeing approaching traffic until shortly before they reached the intersection. Williamson applied his brakes firmly when he first saw the Lincoln to his left. He testified that the Lincoln appeared to speed up, swerve to the left and try to beat the bus across the intersection. The front of the bus struck the right side of the Lincoln causing serious personal injuries to Dr. Worley.
Worley had no recollection as to the color of the light as he approached and entered the intersection. He made this statement at trial and to several witnesses shortly after the accident. Worley relies on the testimony of Don R. Minkley who was proceeding ahead of him on Madison Street. Minkley testified that he was driving about 25 mph in the left lane and noted the Lincoln following in the right lane. Minkley was preparing to turn at the intersection one block northeast of the site of the accident, and checked his rear view mirror to see if he could change to the right lane before making the right turn. Minkley testified that he had a green light when he went through the intersection and that the Lincoln was only 44 feet behind him. He concluded that the light must have been green for Worley.
The trial court was not persuaded by Minkley’s testimony and we agree. Within *225 a few days after the accident, Minkley gave several statements indicating that he was 150 to 180 feet ahead of the Lincoln when the accident occurred and that he backed up before getting out to render assistance. He reported to the investigating officer at the scene of the accident that he did not know what color was showing on the traffic signal when the Lincoln and bus approached the intersection.
There were nineteen passengers on the bus. The only two who reported (on cards routinely circulated to interstate bus passengers) that they knew something about the accident, gave admissible statements that the Lincoln was traveling at high speed.
There is no manifest error in the trial court’s finding of fact. The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.